**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACIEL RODARTE-VENEGAS, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 13-73442 Agency No. A095-758-926 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Jaciel Rodarte-Venegas, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion to reopen removal proceedings

conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying the motion to reopen as untimely, where Rodarte-Venegas received proper notice of the hearing, filed his motion to reopen more than three years after his final order of removal, and failed to establish that he acted with the due diligence required for equitable tolling of the filing deadline. *See* 8 U.S.C. § 1229a(b)(5)(C), (c)(7)(C)(i) (setting deadlines for motions to reopen); *id.* at (b)(5)(A) (allowing written notice to alien's counsel of record); *Avagyan*, 646 F.3d at 679 (describing due diligence).

We lack jurisdiction to review the agency's decision not to reopen sua sponte. *See Go v. Holder*, 744 F.3d 604, 609-10 (9th Cir. 2014).

We also lack jurisdiction to consider Rodarte-Venegas' contention that his case warrants a favorable exercise of prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

In light of our disposition, we need not reach Rodarte-Venegas' remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.